[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND ON DEFENDANT'S OBJECTIONS TO DISCOVERY
This lawsuit by the plaintiff Samuel D. Chester who was formerly a partner in the defendant law firm requests an accounting of his share of the partnership assets and requests a declaratory judgment relative to a covenant not to compete.
The parties have filed cross-motions for summary judgment on the first count of the Fourth Amended Complaint dated July 20, 1992, the count which requests an accounting. The parties have also submitted for the court's decision Defendants' Objections to Interrogatories and Requests for Production dated December 13, 1991, aimed largely at acquiring the same information.
The court hereby overrules the Defendants' Objections to the discovery requested by the plaintiff, and denies both motions for summary judgment on Count One.
It is obvious to the court that the claim in Count One of the Fourth Amended Complaint involves more than a mere accounting. Paragraph 23 claims that the defendants "refuse to pay the Plaintiff the value of his pro rata share [of the firm's assets] . . . to the damage and financial loss of the Plaintiff." The prayer for relief claims money damages. The remaining count of the complaint only seeks a declaratory judgment as to certain aspects of the partnership agreement, while the first count claims relief not solely directed to an accounting but to an adjustment and further payout if warranted. Since the parties are at odds over any such adjustment and since the exhibits do not support either side's claim of a lack of material issue of fact on this point, summary judgment is inappropriate.
The plaintiff is entitled to discover the financial books and records of the defendants to be able to present to the court at trial his claim that he was not paid the correct amount upon his leaving the defendant firm. Notwithstanding the defendants' claim that the partnership agreement precludes any "claim" by a departed partner, the court cannot, at least for purposes of discovery, construe this as a relinquishment of any right to contest the asset payout, whether based on an innocent clerical error or, at the other end of the continuum, on bad faith.
The Motion for Summary Judgment of the plaintiff and that of the defendants, is denied. The Defendants' Objections to discovery (Doc. #117) are overruled. The defendants are ordered to promptly comply with the discovery request. Such responses remain subject to the Stipulated Protective Order dated July 21, CT Page 9379 1992 (Doc. #129).
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT